IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| DANIEL L. STONE, ) | |
| ) | Bankruptcy No. 16-00709 |
| Debtor. ) | |

**RULING ON CREDITOR UNIVERSITY OF IOWA COMMUNITY
CREDIT UNION'S MOTION FOR CHANGE OF VENUE**

This matter came before the Court on June 15, 2016, in Cedar Rapids. Derek Hong appeared for Debtor Daniel Stone ("Debtor"). Crystal Raiber appeared for Creditor University of Iowa Community Credit Union ("UICCU"). The Court took the matter under advisement. The parties filed briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

The parties agree that the Northern District of Iowa is an improper venue for this case and that the Southern District of Iowa is the proper venue for this case. The parties disagree about whether the Court may retain the case even though the Northern District of Iowa is an improper venue. UICCU argues that transfer or dismissal is mandatory. Debtor argues that the Court has discretion to retain the case. After reviewing its previous decision on this issue, and finding no reason to depart from it, the Court concludes that transfer or dismissal is mandatory and will transfer the case to the Southern District of Iowa.

## BACKGROUND AND ARGUMENTS

The Northern District of Iowa is an improper venue for this case. The Southern District of Iowa is the proper venue for this case. UICCU moved to change venue to the Southern District of Iowa. Debtor objects.

UICCU argues that, if venue is improper, Bankruptcy Rule 1014(a)(2) makes transfer or dismissal mandatory. UICCU relies on Bryan v. Land (In re Land), 215 B.R. 398, 403 (B.A.P. 8th Cir. 1997), to support this position. In that case, the B.A.P. stated that "[i]f venue is not proper in a district, upon the filing of a timely motion to change venue a bankruptcy court is without authority to retain the bankruptcy case." Land, 215 B.R. at 403.

Debtor argues that transfer or dismissal under Bankruptcy Rule 1014(a)(2) is permissive. Debtor notes that Bankruptcy Rule 1014(a)(2) states that a bankruptcy court "may" transfer or dismiss the case. Debtor argues that this language means that bankruptcy courts have discretion in deciding whether to transfer or dismiss an improperly venued case. Debtor argues that a bankruptcy court may retain a case in spite of a timely motion to dismiss or transfer based on improper venue. Debtor notes that the relevant language in Land, 215 B.R. at 403, is dicta. Debtor also notes that the Northern District of Iowa is indisputably the most convenient venue. Debtor points out that the Northern District Courthouse is less than 20 miles away for all parties and the nearest Southern District Courthouse

is more than 60 miles away for all parties.  Debtor concludes that the only reason UICCU is requesting a change in venue is to make the case more difficult and expensive for Debtor.  Thus, Debtor argues that transfer or dismissal is inappropriate and urges the Court to retain the case.

UICCU does not rebut any of Debtor's statements other than the propriety of venue under the rule.

### CONCLUSIONS OF LAW AND ANALYSIS

Bankruptcy Rule 1014(a)(2) addresses cases filed in an improper district:

> **If a petition is filed in an improper district, the court**, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, **may dismiss the case or transfer it** to any other district **if the court determines that transfer is in the interest of justice or for the convenience of the parties**.

Fed. R. Bankr. P. 1014(a)(2) (emphasis added).  The parties dispute whether the Court has authority under this rule to retain a case even though it was filed in an improper district.

In a case cited by neither party, the Court has addressed this issue in detail. See In re J.G. Robins, Inc., No. 03-01789, 2003 WL 22006015 (Bankr. N.D. Iowa Aug. 22, 2003).  In that decision, Judge Kilburg reviewed Bankruptcy Rule 1014(a)(2) and B.A.P. decisions, including In re Land, which UICCU relies on here.  J.G. Robins, Inc., 2003 WL 22006015, at *2.  He noted that the B.A.P. "has stated, in dicta, that if venue is not proper in a district, upon the filing of a timely

3

motion to change venue the bankruptcy court is without authority to retain the bankruptcy case." Id. (citing Land, 215 B.R. at 403). He also noted that the B.A.P. later, also in dicta, "implied that the bankruptcy court may have discretion to keep venue of a bankruptcy case filed in an improper district under Rule 1014(a)(2)." Id. (citing In re Wilson, 284 B.R. 109, 111 (B.A.P. 8th Cir. 2002)).

Looking to other courts, Judge Kilburg noted that "there is a split of authority on the issue of whether the Bankruptcy Court may retain an improperly venued case, or must either dismiss it or transfer it to a proper district." Id. He found that "[t]he majority of courts have held . . . a bankruptcy court may not retain the case" and only a "minority . . . have held a bankruptcy court may retain an improperly venued case in the interest of justice and for the convenience of the parties despite a timely objection thereto." Id. at 2–3 (quoting In re Sorrells, 218 B.R. 580, 586 (B.A.P. 10th Cir. 1998) (internal quotation marks omitted). Moreover, Judge Kilburg noted that "[o]ne of the cases cited in Sorrells as following the majority of courts" was ICMR, Inc. v. Tri–City Foods, Inc., 100 B.R. 51, 53 (D. Kan. 1989), which the B.A.P. relied on in Land. Id. at 3. Based on "the 8th Circuit Bankruptcy Appellate Panel comments, combined with the holdings of a majority of courts considering the issue," Judge Kilburg concluded that the Court was "without authority to retain this case." Id.

4

Since Judge Kilburg's decision, there has been a no change in the split of authority—mandatory transfer or dismissal remains the rule in "the overwhelming majority of courts." In re Penn-Mont Benefit Servs., Inc., No. 3:13-BK-05986-JAF, 2013 WL 6405046, at *8 & n.44 (Bankr. M.D. Fla. Dec. 6, 2013) (collecting cases). Because mandatory transfer or dismissal remains the majority rule, and there has been no contrary development in Eighth Circuit law, there is no reason to revisit Judge Kilburg's decision in J.G. Robins. His decision is controlling law in this district. The Court will follow this precedent.

The Court thus concludes that transfer of this case to the Southern District of Iowa, rather than dismissal, is appropriate.

## CONCLUSION

**WHEREFORE**, University of Iowa Community Credit Union's Motion for Change of Venue is GRANTED.

**FURTHER**, the Northern District of Iowa is an improper venue.

**FURTHER**, this case is hereby transferred to the Southern District of Iowa.

Dated and Entered: August 3, 2016

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE